Ethan D. Thomas, Esq.
Nevada Bar No. 12874
Andrew S. Clark, Esq.
Nevada Bar No. 14854
LITTLER MENDELSON, P.C.
8474 Rozita Lee Avenue
Suite 200
Las Vegas, NV 89113.4770
Telephone:    702.862.8800
Fax No.:    702.862.8811
edthomas@littler.com
asclark@littler.com

Attorneys for Defendant
NEVADA STATE BOARD OF DENTAL EXAMINERS

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| HARDEEP SULL,<br><br>        Plaintiff,<br><br>v.<br><br>STATE OF NEVADA ex rel. NEVADA STATE BOARD OF DENTAL EXAMINERS, an agency of the State of Nevada; STATE OF NEVADA ex rel. NEVADA DEPARTMENT OF ADMINISTRATION, an agency of the State of Nevada; DOES I through X, inclusive; and ROE ENTITIES 1 through 10, inclusive,<br><br>        Defendants. | Case No. 2:24-cv-02234-JAD-NJK<br><br>**AMENDED STIPULATED PROTECTIVE ORDER** |

Pursuant to Fed. R. Civ. P. 26(c), LR. IA 6-2, and LR 7-1, Plaintiff Hardeep Sull ("Plaintiff") and Defendants Nevada State Board of Dental Examiners and Nevada Department of Administration (jointly referred to as "Defendants"), by and through their respective counsel of record, hereby stipulate and agree to the following Amended Stipulated Protective Order ("Protective Order") regarding the confidentiality of discovery materials in this case.

LITTLER MENDELSON, P.C.
8474 Rozita Lee Avenue
Suite 200
Las Vegas, Nevada
89113.4770
702.862.8800

On July 8, 2025, the parties submitted a stipulated protective order for the Court's consideration. *See* ECF No. 43. This Court denied the stipulation on July 9, 2025, without prejudice, citing Federal Rule of Civil Procedure 29 and stating that "[u]nless such agreement interferes with court proceedings or deadlines, parties may stipulate to discovery procedures without obtaining judicial approval." ECF No. 44. The Court further noted that "[n]o showing has been made as to why judicial oversight is required for the parties' agreement on designation and treatment of confidential discovery material." *Id*. Having reviewed the Court's July 9, 2025, Order, the parties respectfully submit the following Amended Stipulated Protective Order to provide the Court with additional context supporting the need for judicial involvement and the Court's entry of the requested protective order.

Federal Rule of Civil Procedure 26(c) authorizes the Court to issue protective orders to protect parties and non-parties from undue harm or burden. *See* Fed. R. Civ. P. 26(c)(1) (allowing the Court to issue an order to protect a party or person from annoyance, embarrassment, oppression, undue burden, and/or expense upon a showing of good cause). The parties acknowledge that Rule 29 allows them to enter into discovery stipulations without the Court's involvement, but they respectfully submit that good cause warrants the Court's Order adopting their Protective Order in this particular case.

First, the parties' Protective Order protects the parties by ensuring that discovery materials will not be used for improper purposes outside of the pending litigation. The parties anticipate that sensitive records will be produced in litigation, such as medical records, financial records, and employment records of third parties, which have been withheld from production thus far, pending the entry of a protective order. The information warranting protection extends past the individual parties in this case to cover third parties whose personal information, employment records, and other identifying information may be produced and relied upon throughout the remainder of litigation. This case involves sensitive employee records that implicate the privacy interests of both the parties to the lawsuit and others who are not named parties and who are not otherwise involved in the proceedings. Without this Court's entry of a protective order, which at this point

LITTLER MENDELSON, P.C.
8474 Rozita Lee Avenue
Suite 200
Las Vegas, Nevada 89113.4770
702.862.8800

2

only binds the parties to the agreement, any production of a non-party's records risks their disclosure during discovery, potentially violating those privacy interests and resulting in undue harm or invasion of privacy. Indeed, the parties stipulated to the terms of the proposed Protective Order, in part, based on their mutual recognition of the need to safeguard sensitive information while facilitating discovery through a court order.

A protective order entered by this Court, rather than just the parties' stipulation, will provide an essential layer of enforceability to the Protective Order, as noncompliance with a court order carries legal consequences that the current stipulation does not.

Furthermore, the proposed Protective Order goes beyond the procedural stipulations contemplated by Federal Rule of Civil Procedure 29, which permits parties to stipulate to certain discovery procedures without court involvement. It seeks to protect sensitive information and ensure enforceability, which the parties believe cannot be achieved through a stipulation alone. A court order is necessary to protect the parties, certain non-parties, and provide legal consequences for noncompliance, and ensure that privacy interests are adequately safeguarded under Rule 26(c). Accordingly, the parties respectfully request that the Court grant this Amended Stipulated Protective Order under Rule 26(c).

1. **Definition of "Confidential Information."** "Confidential Information," which may be designated as provided in paragraph 5 below, is defined as follows: trade secrets, protected contracts, business contracts, business practices, procedures and processes, non-public customer information (e.g., customer lists, customer names and contact information, etc.), financial information (non-public profits and loss information, financial statements, etc.), contractual relationships, marketing practices and procedures, management policies and procedures, sensitive personnel information including terms of employment, salary, bonus agreements, performance evaluations, personnel files, human resources investigations, Plaintiff's medical records, social security number, account numbers, address and/or other confidential or private employee information, confidential information related to third parties, and any other information which may warrant protection under applicable law.

2. **Use Limitations.** All Confidential Information produced in the course of discovery proceedings herein shall be used only for the purpose of preparing for and conducting this litigation (including appeals) and not for any other purpose whatsoever.

    2.1 **Limitations on Disclosure of Confidential Information.** Confidential Information shall not be given, shown, or made available or communicated in any way to anyone except persons specified in paragraph 6 below who have read and are bound by the terms of this Protective Order, and to whom it is necessary that such Confidential Information be given or shown for the purposes permitted under this paragraph. The Parties agree that materials subject to this Protective Order, which are marked "Confidential," will be treated as such, subject to the resolution of any motion filed pursuant to paragraph 7.

See Order issued concurrently herewith.

    2.2 **Advice to Client Based on Confidential Information.** Notwithstanding the foregoing, nothing in this Protective Order shall bar or otherwise restrict any attorney herein from rendering litigation advice to his/her client, and in the course thereof, referring to or relying upon the attorney's examination of designated information.

3. **Scope of Protection/Disclosure of Confidential Information in Other Proceedings.** This Protective Order governs the handling of all Confidential Information,

LITTLER MENDELSON, P.C.
8474 Rozita Lee Avenue
Suite 200
Las Vegas, Nevada 89113.4770
702.862.8800

4

including documents, testimony, and other information, including all copies, excerpts, and summaries thereof, produced, given, or filed during discovery and other proceedings in this action, including Confidential Information produced, given, or filed prior to the date of this Protective Order.

      3.1    If any party to another legal proceeding, or a court or an administrative agency, through discovery, subpoenas, or orders, demands production of Confidential Information, unless expressly prohibited by the propounding court or administrative agency, the party receiving such demand for Confidential Information shall promptly, and before producing Confidential Information to such other party, court, or administrative agency, notify: (1) the requesting party, court, or administrative agency of this Protective Order; and (2) the party whose Confidential Information is being sought.

      3.1.1    The party whose Confidential Information is being sought shall have the obligation of defending against such subpoena, order, or demand, or alternatively to remove the "Confidential" designation, and the person or party receiving the subpoena, order or demand shall be entitled to comply with it except to the extent the producing party is successful in obtaining an order modifying or quashing the subpoena, order, or demand.

      4.    **Confidential Information Produced by Third Parties.**  This Protective Order shall apply to the parties to this action, and also to any other person producing or disclosing Confidential Information in this action who agrees or is ordered to be bound by this Protective Order.  Accordingly, as used herein, the term "person" means both the named parties in this civil action, and third parties who have agreed or been ordered to be bound by this Protective Order, including any natural person and any organization, governmental body, or other entity that produces or discloses Confidential Information in connection with this action.  If, in the course of

LITTLER MENDELSON, P.C.
8474 Rozita Lee Avenue
Suite 200
Las Vegas, Nevada 89113.4770
702.862.8800

this action, information is sought from a third party which would require such person to disclose and/or produce Confidential Information, such third party may obtain the protections of this Protective Order by agreeing in writing to produce information pursuant to this Protective Order and to be bound by it. No further order of this Court shall be necessary to extend the protections of this Order to third parties.

5.  **Designation of Confidential Information.**  Any person who produces, gives, or files Confidential Information may designate information as Confidential Information if it meets the definition stated in paragraph 1; provided, however, that any designation of Confidential Information shall not constitute an admission by any other party that such Confidential Information is confidential or trade secret information as defined under applicable legal standards. Filing a motion under the Local Rules requesting leave to file information or material under seal or subsequently filing any document containing information designated "Confidential" under seal pursuant to paragraph 2.1, shall not constitute an admission by the filing party that such Confidential Information of another party is confidential or trade secret information as defined under applicable legal standards.

5.1  **Designation of Documents.**  Documents may be designated as Confidential Information by stamping "Confidential" (or similar designation) on each page prior to production. To the extent documents containing Confidential Information subject to this Protective Order were previously produced without any designation of confidentiality, such documents may be stamped "Confidential" and reproduced.

5.2  **Designation of Deposition Testimony.**  Deposition testimony may be designated, in whole or in part, as Confidential Information by oral designation on the record, or within ten (10) days after receipt of the transcript with designations as specified below. If made

on the record, the person making the designation shall instruct the Court Reporter to bind the "Confidential" portions of the deposition transcript separately and to stamp the word "Confidential" (or similar designation) as appropriate, on each transcript page so designated. All deposition testimony shall be treated as "Confidential" pending expiration of the ten (10) day period after receipt of the transcript.

        5.3    **Depositions & Discovery Prior to Stipulation and Order.** Any documents already submitted by the parties to the other parties or their counsel in this lawsuit that would otherwise be deemed confidential or otherwise subject to the terms of this Protective Order shall be allowed to be retroactively designated as such, subject to terms of this Protective Order.

    6.    **Persons to Whom Confidential Information May be Disclosed.**

        6.1    **"Confidential Information."** Except as otherwise provided by this Protective Order, information designated as "Confidential" shall be disclosed only to:

        6.1.1    Counsel of record for the parties in this action, and other attorneys, clerical, paralegal, and other staff employed by counsel of record;

        6.1.2    Independent experts or independent consultants who are assisting counsel of record for the parties in this action in the prosecution or defense of this action. Before access is given, each such independent expert or independent consultants shall agree in writing to be bound by this Protective Order by completing and signing the form attached hereto as Exhibit A and advised that violation of the terms of this Protective Order (by use of the Confidential Information for business purposes or in any other impermissible manner) may constitute contempt of Court.

        6.1.3    Individuals named as parties, and such officers, directors, or employees of the parties as counsel requires to provide assistance in the prosecution or defense of

this action, and for no other purpose;

    6.1.4 The Court and court personnel;

    6.1.5 Any other person as to whom the producing person agrees in writing, provided that any such person shall have agreed in writing to be bound by this Protective Order by completing and signing the form attached hereto as Exhibit A and advised that violation of the terms of this Protective Order (by use of the Confidential Information for business purposes or in any other impermissible manner) may constitute contempt of Court;

    6.1.6 Witnesses at deposition or trial; provided, however, that before access is given, each such witness shall have agreed in writing to be bound by this Protective Order by completing and signing the form attached hereto as Exhibit A and advised that violation of the terms of this Protective Order (by use of the Confidential Information for business purposes or in any other impermissible manner) may constitute contempt of Court; and

    6.1.7 Court reporters employed in connection with this action.

  6.2 **Disclosure of Confidential Transcripts to the Deponent.** Deposition transcripts containing Confidential Information may be shown to the deponent for the purpose of correction, but the deponent may not retain a copy of the transcript unless the deponent agrees to be bound by this Protective Order by signing a copy of the acknowledgment form attached as Exhibit A.

  6.3 **Limited Exceptions:**

    6.3.1 **Persons Previously Having Access to Confidential Information.** A producing party's Confidential Information to which a present or former employee, consultant or agent has had access during the period of his or her employment or association with the producing party may be disclosed to that present or former employee, consultant, or agent.

LITTLER MENDELSON, P.C.
8474 Rozita Lee Avenue
Suite 200
Las Vegas, Nevada 89113.4770
702.862.8800

8

   6.3.2 **Authors/Addressees.** This Protective Order shall not apply to the disclosure of a producing party's Confidential Information to persons who were the authors or addressees of those documents or who are shown as having received copies.

   6.3.3 **Witnesses.** If a document designated as Confidential Information refers to the conduct or affairs of a witness, the parties' attorneys may discuss such conduct or affairs with the witness without revealing the document.

   6.3.4 **Certain Information Not Subject to Scope of Order.** The restrictions of this Protective Order shall not apply to information which (a) was, is, or becomes public knowledge, including public records, not in violation of this Protective Order, or (b) was or is acquired from a third party possessing such information and having no obligation of confidentiality to the designating party, or (c) the receiving party can establish was in its rightful and lawful possession at the time of disclosure or was developed independently by the receiving party without the use of Confidential Information.

  7. **Resolution of Disputes.** Whenever a party objects to the treatment of a document or transcript as "Confidential," as defined in paragraph 1 herein, it shall, in writing or on the record in any proceeding herein, so inform the party seeking "Confidential" treatment. The failure of a party to object in a timely manner shall not constitute a waiver. The party proposing such treatment may thereafter apply to the Court by motion for a ruling that the document or transcript shall be treated as "Confidential" in the manner described in paragraphs 1 and 5 herein, or alternatively, may agree to remove the designation. Any such motion shall be made within 14 days after the parties satisfy their meet-and-confer obligations under LR IA 1-3(f) and/or LR 26-6(c) regarding an objection to a "Confidential" designation, or waived if not brought within such time period. Upon such application, the party asserting confidentiality bears the burden to establish same. Until

the Court enters an Order changing the designation of the document or transcript which is to be the subject of the application, it shall be afforded the "Confidential" treatment described in paragraphs 1 and 5 herein.

8.   **Disposition of Confidential Information Following Conclusion of Litigation.** At the conclusion of this litigation (*i.e.*, upon its final dismissal or judgment, and after the timeframe for any appeal has expired), all copies of all documents or transcripts designated "Confidential" and any copies thereof, shall either be destroyed or returned to the party or person who produced the same in this litigation.

8.1   Notwithstanding any of the foregoing, counsel of record may maintain a complete set of pleadings, deposition transcripts and exhibits, and trial transcripts and exhibits following conclusion of this litigation.

9.   **Unauthorized Disclosure or Inadvertent Production.** If a receiving party learns that, by inadvertence or otherwise, it has disclosed Confidential Information to any person or in any circumstance not authorized under this Protective Order, such receiving party must immediately (a) notify the designating party in writing of the unauthorized disclosure, (b) use its best efforts to retrieve all unauthorized copies of the confidential material, (c) inform the person(s) of the terms of the Protective Order, and (d) request such person(s) execute Exhibit A. Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work-product protection.

10.   **Continuing Obligation, Retention of Jurisdiction.** This Order shall continue to be binding after the conclusion of this litigation, and the Court shall retain limited jurisdiction over the parties hereto for purposes of enforcing any obligations imposed hereby.

LITTLER MENDELSON, P.C.
8474 Rozita Lee Avenue
Suite 200
Las Vegas, Nevada 89113.4770
702.862.8800

11. Until such time as this Protective Order has been entered by the District Court, the parties agree that upon execution by the parties, it will be treated as though it has been "So Ordered."

Dated: August 15, 2025

Respectfully submitted,

/s/ David B. Barney
Johnathon Fayeghi, Esq.
David B. Barney, Esq.
SKLAR WILLIAMS PLLC

*Attorney for Plaintiff*
HARDEEP SULL

Dated: August 15, 2025

Respectfully submitted,

/s/ Andrew S. Clark
Ethan D. Thomas, Esq.
Andrew S. Clark, Esq.
LITTLER MENDELSON, P.C.

*Attorney for Defendant*
NEVADA STATE BOARD OF DENTAL EXAMINERS

Dated: August 15, 2025

Respectfully submitted,

/s/ Edgar A. Pando
Greg D. Ott, Esq.
Edgar A. Pando, Esq.
OFFICE OF THE ATTORNEY GENERAL

*Attorney for Defendant*
NEVADA DEPARTMENT OF ADMINISTRATION

**IT IS SO ORDERED.**

Dated: August 18, 2025

_____
Nancy J. Koppe
United States Magistrate Judge

4914-1896-8664.1 / 106310.1004

LITTLER MENDELSON, P.C.
8474 Rozita Lee Avenue
Suite 200
Las Vegas, Nevada 89113.4770
702.862.8800

**EXHIBIT "A"**

**PROTECTIVE ORDER**

I, _____ do hereby acknowledge and agree as follows:

1.  I have received and read the Protective Order entered in the matter entitled *Hardeep Sull v. State of Nevada ex rel. Nevada State Board of Dental Examiners, et. al.*, Case No. 2:24-cv-02234-JAD-NJK, pending before the United States District Court, District of Nevada.

2.  I understand the terms and provisions of the Protective Order and agree to be bound by and to strictly adhere to all of its terms and provisions.

3.  I hereby submit to the jurisdiction of the United States District Court, District of Nevada, solely for the purpose of enforcement of the Protective Order.

Dated the \_\_\_\_ day of _____ 2025.

_____
[Signature]

_____

_____

_____
[Printed Name, Address, Telephone]