UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| HARDEEP SULL, | Case No. 2:24-cv-02234-JAD-NJK |
| Plaintiff, | |
| v. | **ORDER GRANTING STIPULATION TO EXTEND DISCOVERY DEADLINES** |
| STATE OF NEVADA ex rel. NEVADA STATE BOARD OF DENTAL EXAMINERS, an agency of the State of Nevada; DOES I through X, inclusive; and ROE ENTITIES 1 through 10, inclusive, | **[THIRD REQUEST]** |
| Defendants. | |

Defendant the Nevada State Board of Dental Examiners (the "Board") and Plaintiff Hardeep Sull, hereby submit a Stipulation and Order to Extend Discovery Deadlines outlined in the current Scheduling Order (ECF No. 41) and agree to extend the outstanding discovery deadlines by a period of sixty days under LR IA 6-1, 6-2, and LR 26-3.  This is the third request for an extension of deadlines in the Scheduling Order.  The requested extension is sought in good faith and not for purposes of delay and is timely under LR 26-3, given that it was submitted at least twenty-one days or more before the existing deadline.

## DISCOVERY COMPLETED TO DATE

On January 22, 2025, the Board served its first supplement to its initial disclosures. On January 22, 2025, the Plaintiff served her initial disclosures. On January 29, 2025, the Board served its first set of written discovery—requests for production of documents, requests for admissions, and interrogatories—on Plaintiff. Plaintiff served her responses to the Board's discovery requests on March 10, 2025. On February 7, 2025, Plaintiff served her first set of written discovery—requests for production of documents, requests for admissions, and interrogatories—on the Board. On March 20, 2025, the Board served its responses to Plaintiff's discovery requests. Each party has served responses to written discovery and supplemented their initial disclosures in response to the same. The parties have also begun taking depositions. On March 26, 2025, Plaintiff took the deposition of Michele Royal Pontoni, Esq., who is a current member of the Nevada State Board of Dental Examiners.

The parties have met and conferred on various discovery disputes that have delayed the progression of discovery. On March 28, 2025, Plaintiff served a meet-and-confer letter on the Board related to its assertion of the attorney-client privilege in its responses to written discovery and its privilege-based objections during Mr. Pontoni's deposition. On April 4, 2025, the Board served a response to Plaintiff's March 28 meet-and-confer letter, outlining its position on the assertion of the attorney-client privilege. The parties held a meet-and-confer videoconference on April 9, 2025, to discuss those issues. During that conference, the Board agreed to investigate and produce a privilege log outlining written and certain verbal communications that it believes to be protected from disclosure by the attorney-client privilege. On April 18, 2025, the Board served the privilege log on Plaintiff.

The parties have also engaged in meet-and-confer efforts related to several other discovery disputes. On April 16, 2025, the Board served a meet-and-confer letter on Plaintiff, outlining several of her written discovery responses that the Board believed to be deficient. On April 24, 2025, Plaintiff served a separate meet-and-confer letter on the Board, which discussed certain Board responses to written discovery unrelated to the privilege issues outlined above, which Plaintiff believed to be deficient. The Board served a response to Plaintiff's April 24, 2025, letter

2

on May 9, 2025, and agreed to supplement certain responses by May 23, 2025. Plaintiff served supplemental responses to written discovery on May 13, 2025. However, the Board believed those responses to still be deficient. Accordingly, the parties continued their meet-and-confer efforts through correspondence and virtual meetings.

On May 23, 2025, the Board served its First Supplemental Responses to Plaintiff's Requests for Production and Interrogatories. On July 3, 2025, the parties held their second meet-and-confer call to discuss their respective positions on discovery. During the meet-and-confer conference, the Board agreed to perform an extensive internal search of its email systems ("ESI" search) in an effort to avoid motion practice related to Plaintiff's discovery requests. The ESI search was substantial. The Board worked closely with the State's IT Department, but the search took several weeks to complete and returned more than 2,000 pages of potentially responsive emails and other files. The Board then reviewed the files for relevance, confidentiality, and possible privilege. Before the Board could complete its review of the documents, Plaintiff's former counsel withdrew from the case, and Plaintiff began representing herself. *See* Order Granting Substitution of Counsel (ECF No. 50).

The Board has continued to supplement discovery. On August 19, 2025, the Board served its Third Supplemental Disclosures in response to the parties' meet-and-confer efforts. On September 2, 2025, the Board served its Fourth Supplemental Disclosures, which included nearly 2,000 pages of responsive emails and other documents from the Board's ESI search. The Board also served its Initial Expert Report on September 2, 2025.

Plaintiff's former counsel did not supplement her discovery responses before withdrawing from the case. On September 10, 2025, the Board sent Plaintiff a meet-and-confer letter, outlining the outstanding discovery that the Board had previously discussed with her counsel. On September 22, 2025, the Board served its Second Supplemental Answers to Plaintiff's Interrogatories and privilege log. On September 26, 2025, the parties held a final meet-and-confer conference on the issues in the Board's September 10 meet-and-confer letter. On October 1, 2025, Plaintiff served her Second Supplemental Responses to the Board's Requests for Production and Interrogatories.

Since the withdrawal of Plaintiff's former counsel, the parties have worked to schedule the

3

1 remaining depositions within the current discovery deadlines but have been unable to do so due to counsels' and the deponents' availability. However, Plaintiff's deposition is currently scheduled before the close of discovery, and the Board is working to assist Plaintiff in scheduling the depositions of her identified witnesses. The requested extension of sixty days provides sufficient time for the parties to complete the deposition. Thus, a request for a sixty-day extension is not excessive in these circumstances.

## DISCOVERY THAT REMAINS TO BE COMPLETED

The parties' meet-and-confer efforts to date have helped determine the scope of remaining disputes over written discovery. However, the parties anticipate that motion practice will be necessary to resolve continuing disputes over certain discovery responses. If so, the parties will need additional time to comply with the related court orders as well as conduct any additional discovery that may result from the Court's orders.

In addition, despite their efforts to schedule the remaining depositions, the parties have been unable to notice all of the necessary depositions before the current close of discovery. The Board has noticed Plaintiff's deposition before the current close of discovery. However, the Board has attempted to schedule the deposition of former plaintiff Eva Romero, who has informed the Board that she is not available for deposition until early November 2025. Likewise, Plaintiff has identified five current and former Board members for deposition, but the parties have been unable to schedule those depositions before the current close of discovery. These potential deponents run busy dental practices and have limited availability for deposition in October. Similarly, Plaintiff runs a busy solo legal practice, which affects her availability. That said, the parties are cooperating to identify available dates for these depositions and will schedule them within the requested sixty-day extension.

In addition to the remaining depositions, the Board will issue third-party subpoenas to healthcare providers, former employers (if necessary), and former Board personnel, among others. The Board has not yet been able to gather the necessary information to conduct this discovery due to the parties' ongoing dispute over Plaintiff's discovery responses. The Board intends to issue these subpoenas immediately upon its receipt of the necessary information from Plaintiff.

**REASONS FOR EXTENSION TO COMPLETE DISCOVERY**

The parties have worked diligently to schedule the remaining depositions in this matter but have been unable to do so due to prospective deponents' scheduling issues limitations. Nevertheless, the parties are committed to scheduling the remaining depositions within the requested sixty-day extension. In addition, Plaintiff's former counsel withdrew from the case in August 2025, and Plaintiff has represented herself from that time forward. Additionally, despite the parties meet-and-confer efforts, remaining discovery disputes have affected the Board's ability to issue subpoenas third-party discovery. The requested extension will allow the parties complete the remaining discovery and proceed to dispositive motions.

In addition to the outstanding discovery outlined above, the parties' respective schedules through the end of 2025 support the request for sixty additional days to complete discovery. Plaintiff is a sole practitioner, and she will be out of the country for a client matter from November 14, 2025, through December 1, 2025. In addition, Board counsel will be out of the office the week of November 24–28 for the Thanksgiving Holiday. Accordingly, good cause exists to extend the remaining discovery deadlines to permit the parties to achieve their respective stated discovery goals.

[Remainder of page intentionally left blank]

**PROPOSED SCHEDULE FOR COMPLETING REMAINING DISCOVERY**

|  | Current Deadline | Proposed New Deadline |
| --- | --- | --- |
| Amend Pleadings and Add Parties | Expired | **Expired** |
| Initial Expert Disclosures | Expired | **Expired** |
| Rebuttal Expert Disclosures | Expired | **Expired** |
| Discovery Cut-Off | October 30, 2025 | **December 29, 2025** |
| Dispositive Motions | December 1, 2025 | **January 30, 2026** |
| Pretrial Order | December 29, 2025 | **February 27, 2026** (If dispositive motions are filed, the deadline shall be suspended until thirty (30) days after the decision of the dispositive motions or further order of the Court.) |

**IT IS SO ORDERED**
Dated: October 10, 2025

_____
Nancy J. Koppe
United States Magistrate Judge