# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Hardeep Sull,<br>    Plaintiff,<br>v.<br>State of Nevada, ex rel. Nevada State Board of Dental Examiners, et al.,<br>    Defendants. | Case No.: 2:24-cv-02234-JAD-NJK<br>**Order**<br>[Docket No. 54] |

Pending before the Court is the motion to extend time to respond to Plaintiff's first set of requests for admission or, in the alternative, withdraw admissions filed by Defendant State of Nevada ex rel. Nevada State Board of Examiners. Docket No. 54. The Court has considered Defendant's motion, Plaintiff's[1] response, and Defendant's reply. Docket Nos. 54, 59, 60. The motion is properly resolved without a hearing. *See* Local Rule 78-1.

**I.  BACKGROUND**

On February 7, 2025, Plaintiff, through her former counsel, server Plaintiff's First Set of Requests for Admission on Defendant. Docket No. 54-2 at 3. On March 6, 2025, the parties agreed to extend Defendant's deadline to respond to these requests for admission to March 20, 2025. *Id*. On March 17, 2025, Defendant's counsel sent a draft of proposed responses to the Board for review. The draft included a response to each of Plaintiff's requests for admission. *Id*. On March 20, 2025, the Word version of the Board's responses was converted to a pdf version for service. Either the conversion or some other clerical error resulted in the omission of some of Defendant's responses to Plaintiff's requests, despite the fact that Defendant intended to respond

---

[1] While Plaintiff is proceeding in this case *pro se*, her filings are not entitled to any special leniency because she herself is an attorney. *Crockett v. Cal.*, 2012 WL 2153801, at *3 (C.D. Cal. May 22, 2012); *see also Andrews v. Columbia Gas Transmission Corp.*, 544 F.3d 618, 633 (6th Cir. 2008); *Mann v. Boatright*, 477 F.3d 1140, 1148 n.4 (10th Cir. 2007); *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 82 n.4 (2d Cir. 2001); *Godlove v. Bamberger, Foreman, Oswald, and Hahn*, 903 F.2d 1145, 1148 (7th Cir. 1990); *Olivares v. Martin*, 555 F.2d 1192, 1194 n.1 (5th Cir. 1977).

to each of Plaintiff's requests for admission. *Id*. On March 20, 2025, Defendant's counsel's office served the incomplete pdf version of responses on Plaintiff's counsel at the time. *Id*.

On or about April 24, 2025, Plaintiff's former counsel served a meet and confer letter on Defendant, which notified Defendant that its responses to Plaintiff's First Set of Requests for Admission were incomplete. *Id*. at 3-4. After receiving this letter, Defendant's counsel discerned that the pdf version of the responses had omitted the responses to Requests 9-15. *Id*. at 4. The response to Request 15 was included in the pdf document but was incorrectly labeled as a response to Request 9. *Id*.

In particular, the requests at issue are as follows:

REQUEST FOR ADMISSION NO. 9

Admit that on or before September 6, 2022, the Board removed Sull from its website page listing its staff.

REQUEST FOR ADMISSION NO. 10

Admit that on or before September 6, 2022, the Board removed Ms. Romero from its website page listing its staff.

REQUEST FOR ADMISSION NO. 11

Admit that the recording produced by Sull in the Lawsuit and Bates numbered PL000182 is a true and correct copy of the Board's recording of the October 26 Meeting.

REQUEST FOR ADMISSION NO. 12

Admit that the document produced by Sull in the Lawsuit and Bates numbered PL000186 – PL000192 is a true and correct copy of the Minutes of the Board's public meeting held on February 1, 2023.

REQUEST FOR ADMISSION NO. 13

Admit that the Board required Christopher B. Bateman, MBA, to resign from his position as the Board's Executive Director, as a result of Mr. Bateman violating provisions of the State of Nevada Employee Handbook ("State Handbook"), including, but not limited to, its prohibition of persons from working in the direct line of authority of someone with whom there is a "dating relationship."

REQUEST FOR ADMISSION NO. 14

Admit that the Board never voted to terminate Mr. Bateman's employment with the Board in a public meeting.

REQUEST FOR ADMISSION NO. 15

Admit that the Board never discussed Mr. Bateman's violation of the State Handbook in a public meeting.

Docket No. 54 at 4-5.

On May 1, 2025, Defendant served its First Supplemental Response to Plaintiff's First Set of Requests for Admission, which included the response that had been inadvertently omitted from the original production, but did not include any additional information. Docket No. 54-2 at 4. Further, Defendant's counsel emailed Plaintiff's former counsel to explain the error and ask that Plaintiff accept Defendant's supplemental responses as the operative responses to the requests for admission. *Id*. Plaintiff's counsel refused to do so. *Id*.

On July 3, 2025, the parties engaged in a meet and confer on this and other issues. *Id*. Plaintiff's former counsel agreed to speak with Plaintiff about whether she would agree to accept Defendant's supplemental responses. *Id*. On August 18, 2025, Plaintiff's former counsel withdrew from the case without confirming whether Plaintiff would accept the supplemental responses. *Id*. After some meet and confer letters were sent, the parties held a meet and confer conference over Zoom with Plaintiff on September 26, 2025. *Id*. During this conference, Plaintiff stated she would not accept the supplemental responses. *Id*. The instant motion followed.[2]

**II.     STANDARDS**

Pursuant to Rule 36(a) of the Federal Rules of Civil Procedure, a party may serve on another party a written request to admit the truth of any matter within the scope of Rule 26(b)(1). A failure to timely respond to such a request results in the automatic admission of the matter. Fed. R. Civ. P. 36(a)(3). As such, "[e]very civil practitioner knows that a set of requests for admissions is a grenade with its pin pulled: the failure to serve timely denials can blow up a case." *Lewis v. Caesars Ent't Corp.*, Case No. 2:16-cv-02787-JAD-NJK, 2018 WL 2741041, at *3 (D. Nev. June 7, 2018).

---

[2] Defendant admitted the facts in Request for Admission No. 14. Therefore, Defendant does not ask the Court to withdraw this admission. Docket No. 54 at 5 n.1.

3

Rule 36(b) of the Federal Rules of Civil Procedure provides a potential reprieve from that danger, however, as it allows for the filing of a motion to withdraw admissions. "[T]wo requirements must be met before an admission may be withdrawn: (1) presentation of the merits of the action must be subserved, and (2) the party who obtained the admission must not be prejudiced by the withdrawal." *Sonoda v. Cabrera*, 255 F.3d 1035, 1039 (9th Cir. 2001). The first half of Rule 36(b)'s two-part test is satisfied when "upholding the admissions would practically eliminate any presentation of the merits of the case." *Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007) (quoting *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995)). The party seeking withdrawal of its admissions bears the burden of satisfying the first prong of the test. *See, e.g.*, *McCurry v. Bank of Am., N.A.*, 2017 WL 2259979, *6 (D. Nev. May 23, 2017). Where that burden is not met, relief may be denied without further inquiry. *See, e.g.*, *LHF Prods., Inc. v. Koehly*, 2017 WL 4767673, at *7 (D. Nev. Oct. 20, 2017). Otherwise, the second half of the test "focus[es] on the prejudice that the nonmoving party would suffer at trial." *Conlon*, 474 F.3d at 623. The burden is on the non-movant to establish prejudice. *Id.* at 622.

Even where both requirements have been satisfied, Rule 36(b) is "permissive" and does not necessarily mandate withdrawal of the admissions. *Id.* at 624-25. Moreover, the Ninth Circuit has urged district courts "to be cautious in exercising their discretion to permit withdrawal or amendment of an admission." *999 v. C.I.T. Corp.*, 776 F.2d 866, 869 (9th Cir. 1985). In determining whether to exercise its discretion to allow withdrawal, courts may consider the reason for the delay and whether the moving party appears to have a strong case on the merits. *Conlon*, 474 F.3d at 625.

**III. ANALYSIS**

In light of the standards outlined above, the Court will analyze the pending motion by first addressing whether the presentation of the merits will be subserved, then whether a showing of prejudice has been made, and then whether the Court should exercise its discretion to grant relief if the mandatory requirements have been satisfied.

. . . .

. . . .

4

A.     WHETHER PRESENTATION ON THE MERITS WILL BE SUBSERVED

The Court begins by analyzing whether Defendant has met its burden of showing that the withdrawal of the admissions would promote the presentation of the merits of the action. This showing is satisfied when the movant establishes that the admissions practically eliminate the presentation of the merits. *Id.* at 622. While not necessarily case-dispositive, district courts have found a sufficient showing is made when admissions go to core issues that would in large part resolve the case. *See Del Mar Land Partners, LLC v. Stanley Consultants, Inc.*, 2012 WL 5392230, at *2 (D. Ariz. Nov. 5, 2012); *see also Finjan, Inc. v. Sophos, Inc.*, 2016 WL 2988834, at *16 (N.D. Cal. May 24, 2016) (collecting cases). Defendant has made a sufficient showing here.

In this case, the admissions address facts central to the merits of this case, including that Defendant, *inter alia*, prematurely removed Plaintiff and another female employee from the Board's website before their termination and that the Board treated male employees better than female employees by allowing them to resign rather than terminating them. Docket No. 54 at 8-9. The admissions also include admissions that Defendant, *inter alia*, improperly noticed the public meeting that resulted in Plaintiff's termination and improperly discussed her character, misconduct, or competence in a closed meeting. *Id*. at 9. Although Plaintiff submits that the "existence of deemed admissions does not eliminate Plaintiff's ultimate burden of persuasion" and that the "litigation will continue on its merits," *see* Docket No. 59 at 9, the Court finds that the deemed admissions in dispute go to core issues in this case.

Accordingly, Defendant has met its burden of showing that withdrawal of the deemed admissions will promote the presentation of this case on its merits.

B.     PREJUDICE TO PLAINTIFF

Defendant having met its burden with respect to the presentation on the merits, the Court turns to whether Plaintiff has established prejudice in allowing withdrawal. "The prejudice contemplated by Rule 36(b) is 'not simply that the party who obtained the admission will now have to convince the factfinder of its truth.'" *Hadley*, 45 F.3d at 1348 (quoting *Brook Village N. Assocs. v. Gen. Elec. Co.*, 686 F.2d 66, 70 (1st Cir. 1982)). "'Rather, it relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of

5

the sudden need to obtain evidence' with respect to the questions previously deemed admitted." *Id.* Reliance on admissions in preparing for summary judgment does not constitute prejudice. *Conlon*, 474 F.3d at 624. A lack of discovery, without more, does not constitute prejudice. *See id.* Prejudice is more likely to be found where the motion for withdrawal is made during trial or when a trial is imminent. *See id.*; *Hadley*, 45 F.3d at 1348.

Initially, the Court notes that Plaintiff appears to believe that the burden of establishing lack of prejudice falls on Defendant. Docket No. 59 at 6. Not so. Further, Plaintiff states, without more, that she "justifiably relied on the resulting admissions for months." *Id*. at 9. That Plaintiff relied on the admissions for months during the discovery period does not establish prejudice in this context. The Ninth Circuit's focus in finding prejudice in *Conlon* was not on the length of delay, but rather on the procedural posture in which the motion to withdraw admissions was filed (after the dispositive motion deadline) and the procedural posture in which the motion was decided (a week before trial). *Conlon*, 474 F.3d at 623. By contrast, the motion to withdraw admissions in this case was filed before the close of discovery and when trial has not been set. *See McNamara v. Hallinan*, 2019 WL 6122003, at *4 (D. Nev. Oct. 28, 2019) (where motion to withdraw admissions was filed before the close of discovery and trial had not been set, the fact that Plaintiff relied on the admissions for months during the discovery period did not establish prejudice).

Plaintiff further states that the "prejudice analysis is secondary to the principle that procedural integrity must be preserved." Docket No. 59 at 11. Plaintiff appears to rely more on her claim that Defendant was not diligent than on demonstrating prejudice. Even if the reason for the delay is counsel's carelessness, however, the Court finds no indication of a bad faith attempt to obstruct discovery, so this factor renders it appropriate to allow withdrawal. *See McNamara*, 2019 WL 6122003, at *5. Plaintiff includes no further discussion of prejudice in her response; therefore, no showing has been made as to how withdrawal of the deemed admissions is prejudicial to Plaintiff's ability to prove her case at trial.

Accordingly, Plaintiff has not established prejudice in the event withdrawal is permitted.

. . . .

. . . .

6

C.      DISCRETIONARY ANALYSIS

Having found that the elements required for relief have been met, the Court turns to an analysis informing whether it should exercise its discretion to grant relief. The Ninth Circuit has made clear that this analysis may be informed by the reason for the delay and the strength of the movants case. *Conlon*, 474 F.3d at 625.

1.      Reason for the Delay

With respect to the reason for delay, defense counsel has attested that Defendant's responses to the requests were finalized and ready for service before the applicable deadline. Docket No. 54-2 at 3. The responses were then converted to pdf and served on Plaintiff's former counsel by the deadline. *Id*. The failure to include all of the responses appears to have arisen from either a clerical error or a conversion error. *Id*. Counsel attests that he was first made aware of the issue on or about April 24, 2025, when he received a meet and confer letter from Plaintiff's former counsel and reviewed the responses that had been served. *Id*. at 3-4. Defendant then served the full responses one week later, on May 1, 2025. *Id*. The Court finds that these circumstances render it appropriate to allow withdrawal of the admissions.

2.      Strength of Defendant's Case

Defendant submits that its case is strong and that no evidence has been found in discovery to support Plaintiff's claims. Docket No. 54 at 11. Further, Defendant submits that Plaintiff's claims "are belied by a thorough third-party investigation, which overwhelmingly contradicts her allegations." *Id*. Plaintiff appears not to address this subject. *See* Docket No. 59.

Therefore, the Court finds that this factor favors Defendant; however, the Court need not even consider this factor. *See Conlon*, 474 F.3d at 625 (the court "may" consider discretionary factors); *see also Hydrotech, Inc. v. Bara Infoware, Inc.*, 2009 WL 2460893, at *6 (E.D. Cal. Aug. 10, 2009).[3]

---

[3] As the Court has found that the admissions are properly withdrawn, the Court need not reach the issue of whether to grant an extension of the deadline.

Further, all arguments not addressed in this order have been considered and rejected, including Defendant's request for sanctions.

7

## IV.   CONCLUSION

For the reasons discussed more fully above, Defendant's alternative motion to withdraw admissions is hereby **GRANTED**.  Docket No. 54.  The deemed admissions arising from Defendant's initial failure to timely respond to Requests for Admission Nos. 9-13 and 15 are withdrawn.

IT IS SO ORDERED.

Dated: January 7, 2026.

_____
Nancy J. Koppe
United States Magistrate Judge