# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Hardeep Sull,<br>      Plaintiff,<br>v.<br>State of Nevada, ex rel. Nevada State Board of Dental Examiners, et al.,<br>      Defendants. | Case No.: 2:24-cv-02234-JAD-NJK<br>**Order**<br>[Docket No. 65] |

Pending before the Court is Plaintiff's motion to compel subpoena and deposition.[1] Docket No. 65. The Court has considered Plaintiff's motion and Defendant State of Nevada, ex rel. Nevada Board of Dental Examiners' response. Docket Nos. 65, 71. No reply is necessary. The motion is properly resolved without a hearing. *See* Local Rule 78-1.

"Discovery is supposed to proceed with minimal involvement of the Court." *F.D.I.C. v. Butcher*, 116 F.R.D. 196, 203 (E.D. Tenn. 1986). Counsel should strive to be cooperative, practical, and sensible, and should seek judicial intervention "only in extraordinary situations that implicate truly significant interests." *In re Convergent Techs. Securities Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985). Discovery motions will not be considered "unless the movant (1) has made a good faith effort to meet and confer . . . before filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request." Local Rule 26-7(c).

Judges in this District have held that the rules require that the movant must "personally engage in two-way communication with the nonresponding party to meaningfully discuss each

---

[1] While Plaintiff is proceeding in this case *pro se*, her filings are not entitled to any special leniency because she herself is an attorney. *Crockett v. Cal.*, 2012 WL 2153801, at *3 (C.D. Cal. May 22, 2012); *see also Andrews v. Columbia Gas Transmission Corp.*, 544 F.3d 618, 633 (6th Cir. 2008); *Mann v. Boatright*, 477 F.3d 1140, 1148 n.4 (10th Cir. 2007); *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 82 n.4 (2d Cir. 2001); *Godlove v. Bamberger, Foreman, Oswald, and Hahn*, 903 F.2d 1145, 1148 (7th Cir. 1990); *Olivares v. Martin*, 555 F.2d 1192, 1194 n.1 (5th Cir. 1977).

contested discovery dispute in a genuine effort to avoid judicial intervention." *ShuffleMaster, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996). The consultation obligation "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus the matters in controversy before judicial resolution is sought." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D.Nev.1993). To meet this obligation, parties must "treat the informal negotiation process as a substitute for, and not simply a formalistic prerequisite to, judicial resolution of discovery disputes." *Id*. This is done when the parties "present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions." *Id*. To ensure that parties comply with these requirements, movants must file certifications that "accurately and specifically convey to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *ShuffleMaster*, 170 F.R.D. at 170.[2] Courts may look beyond the certification made to determine whether a sufficient meet-and-confer actually took place. *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015).

The instant dispute turns on Plaintiff's desire to depose a non-party, Dr. David Lee. *See* Docket No. 65. The motion identifies certain conferral efforts with Defendant, *see, e.g.*, *id.* at 9-10, Plaintiff identifies no conferral efforts with Dr. Lee and/or his counsel, and there is no indication that Defendant represents Dr. Lee. *See, e.g., id*.; Docket No. 71. Further, Plaintiff has failed to file a certification that counsel engaged in fulsome personal consultation regarding the requested deposition of Dr. Lee. Finally, Plaintiff served the instant motion on Defendant, but there is no indication that she served it on Dr. Lee and/or his counsel. *See* Docket No. 65 at 19.

Accordingly, Plaintiff's motion is **DENIED** without prejudice. Docket No. 65.

IT IS SO ORDERED.

Dated: January 8, 2026.

_____
Nancy J. Koppe
United States Magistrate Judge

---

[2] These requirements are now largely codified in the Court's local rules. *See* Local Rule 26-7(c), Local Rule IA 1-3(f).