# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Hardeep Sull, | Case No. 2:24-cv-02234-JAD-NJK |
| Plaintiff, | **Order** |
| v. | [Docket Nos. 57, 69, 77] |
| Nevada State Board of Dental Examiners, et al., | |
| Defendants. | |

"[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). When a party fails to provide discovery and the parties' attempts to resolve the dispute without Court intervention are unsuccessful, the opposing party may seek an order compelling that discovery. Fed. R. Civ. P. 37(a). The party seeking to avoid discovery bears the burden of showing why it should not be permitted. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). Arguments against discovery must be supported by "specific examples and articulated reasoning." *U.S. E.E.O.C. v. Caesars Ent.*, 237 F.R.D. 428, 432 (D. Nev. 2006).

Parties are permitted to seek discovery of any nonprivileged matter that is relevant and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). District courts enjoy wide discretion in deciding relevancy for discovery purposes.[1] *E.g.*, *Shaw v. Experian Info. Solutions, Inc.*, 306 F.R.D. 293, 296 (S.D. Cal. 2015). To be permissible, discovery must be "relevant to any party's claim or defense." *In re Bard IVC Filters Prods. Liab. Litig.*, 317 F.R.D. 562, 563-64 (D. Ariz. 2016) (discussing impact of 2015 amendments to definition of relevance for discovery purposes).

---

[1] Material may be discoverable even if not admissible at trial, Fed. R. Civ. P. 26(b)(1), and relevance for discovery purposes is broader than relevance for trial purposes, *see, e.g.*, *F.T.C. v. AMG Services, Inc.*, 291 F.R.D. 544, 552 (D. Nev. 2013).

Relevance for the purposes of discovery is defined broadly. *See, e.g.*, *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 306, 309 (D. Nev. 2019).

"Proportionality focuses on the marginal utility of the discovery being sought." *Guerrero v. Wharton*, 2017 WL 7314240, at *2 (D. Nev. Mar. 30, 2017) (citing *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 180 F. Supp. 3d 273, 280 n.43 (S.D.N.Y. 2016)). Proportionality is judged based on: (1) the importance of the issues at stake in the action; (2) the amount in controversy; (3) the parties' relative access to relevant information; (4) the parties' resources; (5) the importance of the discovery in resolving the issues; and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). "At bottom, proportionality is a 'common-sense concept' that should be applied to establish reasonable limits on discovery." *Guerrero*, 2017 WL 7314240, at *2 (quoting *Sprint Comm's Co. v. Crow Creek Sioux Tribal Court*, 316 F.R.D. 254, 263 (D.S.D. 2016)).

"Discovery is supposed to proceed with minimal involvement of the Court." *F.D.I.C. v. Butcher,* 116 F.R.D. 196, 203 (E.D. Tenn. 1986). Counsel should strive to be cooperative, practical and sensible, and should seek judicial intervention "only in extraordinary situations that implicate truly significant interests." *In re Convergent Techs. Securities Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985). The Federal Rules of Civil Procedure require that the party bringing a motion to compel must "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). The Local Rules further expound on this requirement, providing that discovery motions will not be considered "unless the movant (1) has made a good faith effort to meet and confer ... before filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request." Local Rule 26-7(c).

Despite the requirement to engage in discovery in a cooperative manner, the parties have failed to do so. As seen in the current filings, despite the 452 days of discovery provided in this employment discrimination case, the parties cannot agree on the facts, the law, or even whether a meet and confer occurred.

Against that backdrop, the Court notes the unfortunate procedural posture: these discovery motions have been now pending for several months as the parties overload the Court – in fact, even after the Court decided one motion to compel, a motion to reconsider was filed. The Court has long taken to heart the guidance that "[i]t is generally more important to the parties that [a discovery] dispute be decided promptly than that it be decided perfectly." Federal Judicial Center, MANUAL FOR COMPLEX LITIGATION, § 11.424 (4th ed. 2004). The Court also appreciates the wisdom of former United States Magistrate Judge Peggy A. Leen that it is unfair to the many other litigants in this courthouse for a judge to drop everything to prioritize a case in which the parties refuse to cooperate in discovery and seek an inordinate amount of the Court's time. *See Mazzeo v. Gibbons*, 2010 WL 3020021, at *1 (D. Nev. July 27, 2010). As Judge Leen aptly observed, a magistrate judge is "not the Maytag repairman of federal judges desperately hoping for something to do." *Id.* Hence, the parties' discovery motions are being resolved now that they have "worked [their] way up the tall stack of matters on [the undersigned's] desk." *Id.*

Turning to these discovery motions themselves, the Court does not require a hearing, *see* Local Rule 78-1, and will resolve the motions as stated below.[2] The parties are familiar with the facts of the case, so the Court will not provide a factual or procedural background. Given the desire to avoid further unnecessary delay, the Court will provide a somewhat truncated analysis. The Court has implicitly rejected any argument not addressed herein that is inconsistent with the outcome of this order. *See, e.g.*, *PlayUp, Inc. v. Mintas*, 635 F. Supp. 3d 1087, 1099 (D. Nev. 2022).

. . . .

. . . .

. . . .

---

[2] While Plaintiff is unrepresented in this matter, her filings are not entitled to any special leniency because she herself is an attorney. *Crockett v. Cal.*, 2012 WL 2153801, at *3 (C.D. Cal. May 22, 2012); *see also Andrews v. Columbia Gas Transmission Corp.*, 544 F.3d 618, 633 (6th Cir. 2008); *Mann v. Boatright*, 477 F.3d 1140, 1148 n.4 (10th Cir. 2007); *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 82 n.4 (2d Cir. 2001); *Godlove v. Bamberger, Foreman, Oswald, and Hahn*, 903 F.2d 1145, 1148 (7th Cir. 1990); *Olivares v. Martin*, 555 F.2d 1192, 1194 n.1 (5th Cir. 1977).

**I.      Motion to Compel Discovery Responses (Docket No. 57)**

Defendant State of Nevada filed a motion to compel discovery responses.  Docket No. 57. The Court has considered Defendant's motion, Plaintiff Hardeep Sull's response, and Defendant's reply.  Docket Nos. 57, 60, 61.

The instant dispute turns on whether Plaintiff has sufficiently responded to two different categories of interrogatory requests: (1) whether she "identified all income, funds, or benefits that she received from any source other than [Defendant] from the day she was hired through the present" and (2) whether she has identified her health care providers for the past ten years, and her health care providers who "examined, treated, or diagnosed her related to injuries she claims to have suffered related to this case."  Docket No. 57 at 7-8, 9-11.  Defendant also seeks to compel production of documents and records regarding (1) her income before and after her employment with Defendant; (2) her "diagnosis, treatment, therapy, or counseling as a result of [her] claims" against Defendant, including signed medical authorizations; (3) social media posts and other activity related to the incidents she alleges in her complaint; and (4) emails and other electronic communications related to her employment and claims.  *Id*. at 12-22.  Defendants also request attorneys' fees and an extension of the discovery deadline.  *Id*. at 22-23.

Plaintiff contends that Defendant failed to engage in a proper meet and confer.  Docket No. 61 at 2, 7-8.  Further, Plaintiff submits that her discovery conduct has been substantially justified and her discovery responses are complete.  *Id*. at 3, 8-9.  Plaintiff further submits that she provided some responses and that Rule 37(a)(3)(B) allows a party to file a motion to compel only "when there has been a complete failure to answer or an answer so evasive that it is tantamount to no response."  *Id*. at 10-11, 14.  Plaintiff further submits that her objections to the discovery requests "were based on clear legal principles of privacy and proportionality, her responses were verified and supplemented in good faith, and Defendant's own exhibits confirm substantial compliance."  *Id*. at 11. Plaintiff submits that her emotional distress claim is "limited to ordinary, nonmedical distress arising from workplace conduct" and that she has "not alleged a psychiatric disorder or treatment-based injury that would place her full medical history at issue."  *Id*. at 12.  Plaintiff further submits that she has produced "correspondence reflecting a single stress-related medical

visit and agreed to provide a narrowly tailored authorization if the Court deems additional records necessary." *Id*.

The Court finds that Plaintiff has failed to meet her burden of demonstrating why the discovery into her income and wages should not be permitted, including her tax returns. *See Blankenship*, 519 F.2d at 429. *See also Stokwitz v. United States*, 831 F.2d 893, 894-895 (9th Cir. 1987) (tax returns are not subject to any greater degree of protection than other private financial information). While Plaintiff is concerned about privacy regarding her tax returns, the "confidentiality of tax information may also be preserved in civil proceedings through protective orders." *Id*. at 897. A protective order has been issued in this case. Docket No. 49. The Court therefore grants this motion as to Interrogatory No. 5 and Requests for Production 1 and 2.

The Court finds that Plaintiff has failed to meet her burden regarding any medical care she has had that relates to the allegations in this case, or for which she seeks compensation. Regarding the medical care Plaintiff has had for the past ten years, however, the Court finds that request is not proportional to the needs of the case. The Court will limit that request to two years prior to her hiring in 2022. Therefore, the Court grants in part the motion regarding Interrogatory No. 13 and limits it to two years prior to Plaintiff's hiring up until the present. The Court grants the motion as to Interrogatory No. 14 and Request for Production No. 12.

For the reasons stated above, the Court finds that Plaintiff must produce authorizations for medical records and tax returns. Therefore, the Court grants the motion as to Request for Production No. 23 but limits medical authorizations to two years prior to her hiring up until present.

Plaintiff fails to address the request for, *inter alia*, social media posts and electronic communications. Therefore, the Court grants the motion as to Requests for Production 14 and 15. The request for an award of costs and fees is denied. Plaintiff must provide all documents by February 19, 2026. Further, on February 10, 2026, the Court extended the discovery deadline to March 30, 2026, for the sole purpose of conducting the deposition of Eva Romero. The Court will extend the discovery deadline to the same date for follow-up discovery related to this motion.

## II.        Motion to Compel Discovery (Docket No. 69)

Plaintiff filed a motion to compel discovery. Docket No. 69. The Court has considered Plaintiff's motion, Defendant's response, and Plaintiff's reply. Docket Nos. 69, 78, 79.

The instant dispute concerns Plaintiff's request for "limited, targeted discovery" identifying the members of the Nevada State Board of Dental Examiners "who were present for, participated in, or constituted a quorum at the Board meeting or meetings during which Plaintiff alleges she was publicly confronted and subjected to adverse employment action." Docket No. 69 at 1. Plaintiff also seeks "narrowly tailored discovery of communications related to those meetings and the Board's collective deliberations and actions concerning Plaintiff." *Id*. at 1-2. Plaintiff submits that, in September 2025, she began requesting deposition availability for Dr. David Lee and other Board members. *Id*. at 5. Plaintiff submits that, without "foundational discovery identifying who participated and in what capacity," she is unable to determine which depositions are necessary, and she is attempting to avoid unnecessary depositions. *Id*. at 7, 9-10. Plaintiff submits that she seeks: "(1) identification of the Board members who constituted a quorum at the relevant meetings, (2) clarification of each such member's role in the discussions and decisions at issue, and (3) production of meeting-related communications limited to the same timeframe and subject matter, including communications concerning Plaintiff, the meetings at which her termination was addressed, and related Open Meeting Law compliance."

Defendant submits that Plaintiff seeks information that is already "available to her through standard discovery and in documents" that have already been produced. Docket No. 78 at 2. Defendant further submits that Plaintiff fails to identify an interrogatory or request for production to which Defendant has failed to properly respond. *Id*. at 2, 3, 11-12. Defendant further submits that Plaintiff in fact to not request the information in a written discovery request, and no meet and confer occurred as to this issue before Plaintiff filed her motion. *Id*. at 2, 3, 8-10. Finally, Defendant seeks attorneys' fees and costs for responding to the motion. Id. at 3, 15-16.

As stated above, discovery motions will not be considered "unless the movant (1) has made a good faith effort to meet and confer . . . before filing the motion, and (2) includes a declaration

setting forth the details and results of the meet-and-confer conference about each disputed discovery request." Local Rule 26-7(c).

Judges in this District have held that the rules require that the movant must "personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *ShuffleMaster, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996). The consultation obligation "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus the matters in controversy before judicial resolution is sought." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D.Nev.1993). To meet this obligation, parties must "treat the informal negotiation process as a substitute for, and not simply a formalistic prerequisite to, judicial resolution of discovery disputes." *Id*. This is done when the parties "present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions." *Id*. To ensure that parties comply with these requirements, movants must file certifications that "accurately and specifically convey to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *ShuffleMaster*, 170 F.R.D. at 170.[3] Courts may look beyond the certification made to determine whether a sufficient meet-and-confer actually took place. *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015).

The instant motion fails to include any certification at all. *See* Docket No. 69. Therefore, the Court cannot find that an appropriate meet and confer took place.

Additionally, LR 26-6(b) requires all motions to compel discovery to "set forth in full the text of the discovery originally sought and any response to it." Plaintiff not only fails to comply with this requirement, she fails to even identify the specific discovery requests she asks the Court to compel. See Docket No. 69.

Therefore, Plaintiff's motion to compel discovery will be denied without prejudice. The parties must engage in a fulsome meet and confer no later than February 16, 2026. Any renewed

---

[3] These requirements are now largely codified in the Court's local rules. *See* Local Rule 26-7(c), Local Rule IA 1-3(f).

motion must be filed no later than February 18, 2026, and must fully comply with all rules and caselaw. The Court denies Defendant's request for attorneys' fees and costs at this juncture; however, if a renewed motion is filed and denied or if Plaintiff files another motion that does not comply with the rules, she can expect that the Court will award fees and costs in the future.

**III.      Motion for Reconsideration (Docket No. 77)**

Plaintiff filed a motion for reconsideration of the Court's order at Docket No. 75. Docket No. 77. The Court has considered Plaintiff's motion, Defendant's response, and Plaintiff's reply. Docket Nos. 77, 80, 81.

The motion centers around Plaintiff's attempts to depose Dr. David Lee and her claim that she is unable to schedule the deposition without Defendant's assistance. *See* Docket No. 77. On February 4, 2026, however, the parties submitted a stipulation for extension of time, in which they stated that Defendant provided Dr. Lee's availability for his deposition to Plaintiff and that Plaintiff is coordinating the logistics for said deposition. Docket No. 82 at 4. Therefore, the motion for reconsideration is denied as moot.

**IV.      Conclusion**

For the reasons discussed above, the Court orders as follows:

- Defendant's motion to compel discovery responses (Docket No. 57) is **GRANTED** in part and **DENIED** in part as stated above. Plaintiff must provide all discovery responses to Defendant no later than February 19, 2026, and the Court extends the discovery cutoff for follow-up discovery efforts relating solely to this motion to March 30, 2026. Defendant's request for attorneys' fees and costs is **DENIED**.

- Plaintiff's motion to compel (Docket No. 69) is **DENIED** without prejudice. The parties must engage in a fulsome meet and confer no later than February 16, 2026. Any renewed motion must be filed no later than February 18, 2026, and must fully comply with all rules and caselaw. Defendant's request for fees and costs (Docket No. 78) is **DENIED**.

- Plaintiff's motion for reconsideration (Docket No. 77) is **DENIED** as moot.

. . . .

. . . .

- Due to the extension of the discovery cutoff for limited purposes, the Court extends the dispositive motions deadline to April 29, 2026, and the joint proposed pretrial order deadline to May 29, 2026, or 30 days after the resolution of dispositive motions. No further extensions will be granted.

IT IS SO ORDERED.

Dated:  February 12, 2026

_____
Nancy J. Koppe
United States Magistrate Judge