# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Hardeep Sull,

    Plaintiff,

v.

State of Nevada ex rel. Nevada Board of
Dental Examiners, et al.,

    Defendants.

Case No. 2:24-cv-02234-JAD-NJK

**Order**

[Docket Nos. 92, 93]

Pending before the Court is Defendant Nevada State Board of Dental Examiners' motion for sanctions. Docket No. 92. The Court has considered Defendant's motion, Plaintiff's response, and Defendant's reply.[1] Docket Nos. 92, 95, 98. Also pending before the Court is Defendant's motion for order to show cause. Docket No. 93. The Court has considered Defendant's motion, Plaintiff's response, and Defendant's reply. Docket Nos. 93, 95, 99.

## I.    Background

On February 12, 2026, the Court granted Defendant's motion to compel discovery in part. Docket No. 88. *See also* Docket No. 57 (motion to compel). The Court ordered Plaintiff to provide discovery in response to certain requests for production and interrogatories. Docket No. 88 at 5. See also Docket No. 98 at 3-4 (list of discovery ordered by Court). The Court clearly ordered Plaintiff to provide all discovery responses to Defendant no later than February 19, 2026. Docket No. 88 at 5. On February 18, 2026, the Court granted Plaintiff an extension and ordered that all discovery responses ordered in Docket No. 88 must be provided to Defendant no later than March 5, 2026. Docket No. 91.

---

[1] Although Plaintiff filed her briefing *pro se*, her filings are not entitled to any special leniency because she is an attorney. *Crockett v. Cal.*, 2012 WL 2153801, at *3 (C.D. Cal. May 22, 2012); *see also Andrews v. Columbia Gas Transmission Corp.*, 544 F.3d 618, 633 (6th Cir. 2008); *Mann v. Boatright*, 477 F.3d 1140, 1148 n.4 (10th Cir. 2007); *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 82 n.4 (2d Cir. 2001); *Godlove v. Bamberger, Foreman, Oswald, and Hahn*, 903 F.2d 1145, 1148 (7th Cir. 1990); *Olivares v. Martin*, 555 F.2d 1192, 1194 n.1 (5th Cir. 1977).

Defendant now submits that Plaintiff has failed, in large part, to comply with the Court's order. Docket Nos. 92, 93. Defendant submits that the only documents Plaintiff has provided are four authorizations that Defendant prepared and presented to her during her deposition. *Id.* at 3. Defendant asks the Court for attorneys' fees, Docket No. 92 at 16. and for an order for Plaintiff to show cause why her case should not be dismissed with prejudice, Docket No. 93 at 16.

For her part, Plaintiff does not deny that she has failed to comply with the Court's order. Docket No. 95. Rather, she submits that she appeared for her deposition despite an ear infection, executed the authorizations presented to her by Defendant, and "later completed additional deposition sessions while abroad." *Id.* at 2. Plaintiff submits that these efforts demonstrate that she has not willfully refused to engage in discovery, that Defendants have not been prejudiced by her failure to comply with the Court's order, and that lesser sanctions than dismissal exist. *Id.* at 2-3. Plaintiff suggests that appropriate lesser sanctions include the Court setting a firm deadline for discovery production and imposing cost-shifting. *Id.* at 14.

Defendant's reply, filed on March 31, 2026, states that Plaintiff has still failed to provide any of the discovery responses or documents – other than the two authorizations she signed during her deposition – that the Court ordered her to provide (including the extension) nearly a month earlier. Docket No. 98 at 3. Defendant further submits that the authorizations Plaintiff signed, without the discovery responses and documents ordered by the Court, will not yield fully responsive discovery, as Plaintiff has not provided all names of medical providers and has testified that she "may not have filed personal or business tax returns for the last seven years." *Id.* at 5, n. 3. Defendant therefore asks the Court to impose sanctions of attorneys' fees and to prohibit Plaintiff from "introducing evidence and seeking an award of lost wages, back pay, emotions distress, and garden-variety distress given that she refuses to produce any evidence to support those allegations." *Id.* at 6.

## II.    STANDARDS

It is a foundational aspect of federal litigation that orders are not suggestions or recommendations, but rather they are directives with which compliance is mandatory. *Chapman v. Pacific Tel. & Tel. Co.*, 613 F.2d 193, 197 (9th Cir. 1979). Quite plainly, "all orders and

judgments of courts must be complied with promptly," *Maness v. Meyers*, 419 U.S. 449, 458 (1975), and "[n]o judge tolerates a disregard of court orders," *Clockwork IP, LLC v. Aladdin One Hour HVAC, Inc.*, 2015 WL 2450195, at *8 (D. Nev. May 22, 2015).  That an attorney has a busy caseload and has prioritized other cases is not a valid basis on which to avoid sanctions for violating court orders. *See, e.g.*, *Y.T. v. Warden of the Cal. City Corr. Cntr.*, 2026 WL 1018991, at *1-2 (E.D. Cal. Apr. 15, 2026).

The Court has authority to issue sanctions against parties for failing to comply with court orders "to provide or permit discovery."  Fed. R. Civ. P. 37(b)(2)(A).  The repercussions for violating a discovery order are established in Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure.  The text of that rule provides as follows:

> (A) *For Not Obeying a Discovery Order.*  If a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
>
>> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>>
>> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>>
>> (iii) striking pleadings in whole or in part;
>>
>> (iv) staying further proceedings until the order is obeyed;
>>
>> (v) dismissing the action or proceeding in whole or in part;
>>
>> (vi) rendering a default judgment against the disobedient party; or
>>
>> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).

"The very purpose of Rule 37 is to ensure compliance with discovery orders." *Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 240-41 (9th Cir. 1991) (cleaned up).  "Rule 37 sanctions must be applied diligently both 'to penalize those whose conduct may be deemed to warrant such a sanction, [and] to deter those who might be tempted to such conduct in the absence

3

of such a deterrent.'"  *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 763-64 (1980) (quoting *National Hockey League v. Metropolitan Hockey Club,* 427 U.S. 639, 643 (1976)).  "Without adequate sanctions, the procedure for discovery would be ineffectual."  *Grimes*, 951 F.2d at 241.  Because discovery scenarios will vary in each case,

> Rule 37 is flexible.  The court is directed to make such orders as are 'just' and is not limited in any case of disregard of the discovery rules or court orders under them to a stereotyped response.  The sanctions enumerated in the rule are not exclusive and arbitrary but flexible, selective, and plural.  The district court may, within reason, use as many and as varied sanctions as are necessary to hold the scales of justice even.

8B C. Wright, A. Miller, R. Marcus, FEDERAL PRACTICE AND PROCEDURE: Civil § 2284 at 436-37 (2010 ed., 2026 supp.).   Hence, Rule 37(b) "authorizes the district court to impose a wide range of sanctions if a party fails to comply with a discovery order."  *United States v. Nat'l Med. Enterps., Inc.*, 792 F.2d 906, 910 (9th Cir. 1986).  The Court's discretion in deciding whether to impose discovery sanctions, and which sanctions are appropriate, is particularly broad.  *See, e.g.*, *Lew v. Kona Hosp.*, 754 F.2d 1420, 1425 (9th Cir. 1985) (identifying the "great latitude" afforded to lower courts on deciding discovery sanctions).

Before issuing case-terminating sanctions, the Court must consider five factors:  "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions."  *Iovino v. Am Tr. Fin. Servs., Inc.*, 776 F. Supp. 3d 889, 906 (D. Nev. 2025) (citing *Transamerica Life Ins. Co. v. Arutyunyan*, 93 F.4th 1136, 1146 (9th Cir. 2024).  "Only willfulness, bad faith, and fault justify terminating sanctions."  *Iovino*, 776 F. Supp. at 906 (internal citation omitted).

**III.    ANALYSIS**

The Court ordered Plaintiff to produce certain discovery by February 19, 2026, then extended the deadline to March 5, 2026.  Plaintiff admits that she violated the Court's order and presents no justification as to why she continues to violate the order to date.  It is worth reiterating that Rule 37 is meant to be "flexible" and its "very purpose . . . is to ensure compliance with discovery orders."  *Grimes*, 951 F.2d at 240-41.  Giving a litigant a free pass on discovery

violations would render the Court's orders ineffectual. *See id.* The Court therefore finds that sanctions are appropriate.

In considering whether case-terminating sanctions are appropriate, the Court finds that factors one, two, and three favor case-terminating sanctions. As the Court previously noted, in February, the parties had been provided a 452-day discovery period. Docket No. 88 at 2. Despite that fact, the parties have not been able to complete discovery and Plaintiff has defied the Court's order to provide certain discovery. Therefore, the public's interest in expeditious resolution of litigation favors case-terminating sanctions. Further, this case has interfered repeatedly with the Court's need to manage its docket, as the Court also discussed in February. *Id*. at 3. This factor, therefore, also favors case-terminating sanctions. The risk of prejudice to Defendant is clear and has been discussed many times. Plaintiff's failure to provide discovery has placed Defendant in a situation where it cannot determine Plaintiff's medical issues/treatment or her income from any source other than Defendant. This factor, therefore, also weighs in favor of case-terminating sanctions. The public policy of resolving cases on their merits, as always, weighs in favor of not imposing case-terminating sanctions. Finally, the Court must consider the availability of lesser sanctions. The Court finds that appropriate lesser sanctions exist.[2]

**IV.    CONCLUSION**

Accordingly, the Court **GRANTS** Defendant's motion for sanctions. Docket No. 92.

The Court **ORDERS** that Plaintiff must pay Defendant's costs and fees incurred in filing the motion for sanctions and its reply. No later than May 12, 2026, the parties must meet and discuss the appropriate amount of fees and costs. If the parties agree to the appropriate amount, they must file notice, no later than May 15, 2026, of their agreement. If the parties cannot agree, Defendant must file a motion to calculate costs and fees no later than May 19, 2026.

The Court further **ORDERS** that Plaintiff may not introduce evidence regarding lost wages, back pay, emotional distress, and/or garden-variety distress, or seek an award of lost wages,

---

[2] As the Court finds that lesser sanctions are appropriate, the Court need not determine whether Plaintiff's violation of the Court's order was willful or in bad faith.

back pay, emotional distress, and/or garden-variety distress, as a sanction for violating the Court's order.

The Court **DENIES** without prejudice Defendant's motion for order to show cause as to why case-terminating sanctions should not be imposed.[3]  Docket No. 93.

IT IS SO ORDERED.

Dated: May 5, 2026

_____
Nancy J. Koppe
United States Magistrate Judge

---

[3] The Court denies this request at this time.  Plaintiff is warned that, if she continues to fail to provide discovery and/or violate Court orders, the Court may view this request differently in the future.

6