**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Hardeep Sull,<br><br>        Plaintiff,<br><br>v.<br><br>State of Nevada ex rel. Nevada Board of<br>Dental Examiners, et al.,<br><br>        Defendants. | Case No. 2:24-cv-02234-JAD-NJK<br><br>**Order**<br><br>[Docket No. 94] |

Pending before the Court is Defendant Nevada State Board of Dental Examiner's motion to compel discovery.  Docket No. 94.  The Court has considered Defendant's motion, Plaintiff's response,[1] and Defendant's reply.  Docket Nos. 94, 100, 103.  The Court does not require a hearing.  S*ee* Local Rule 78-1.

**I.      STANDARDS**

"[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998).  When a party fails to provide discovery and the parties' attempts to resolve the dispute without Court intervention are unsuccessful, the opposing party may seek an order compelling that discovery. Fed. R. Civ. P. 37(a).  The party seeking to avoid discovery bears the burden of showing why it should not be permitted. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). Arguments against discovery must be supported by "specific examples and articulated reasoning." *U.S. E.E.O.C. v. Caesars Ent.*, 237 F.R.D. 428, 432 (D. Nev. 2006).

Parties are permitted to seek discovery of any nonprivileged matter that is relevant and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1).  District courts enjoy wide discretion

---

[1] Although Plaintiff filed her briefing *pro se*, her filings are not entitled to any special leniency because she is an attorney. *Crockett v. Cal.*, 2012 WL 2153801, at \*3 (C.D. Cal. May 22, 2012); *see also Andrews v. Columbia Gas Transmission Corp.*, 544 F.3d 618, 633 (6th Cir. 2008); *Mann v. Boatright*, 477 F.3d 1140, 1148 n.4 (10th Cir. 2007); *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 82 n.4 (2d Cir. 2001); *Godlove v. Bamberger, Foreman, Oswald, and Hahn*, 903 F.2d 1145, 1148 (7th Cir. 1990); *Olivares v. Martin*, 555 F.2d 1192, 1194 n.1 (5th Cir. 1977).

1

in deciding relevancy for discovery purposes.[2] *E.g.*, *Shaw v. Experian Info. Solutions, Inc.*, 306 F.R.D. 293, 296 (S.D. Cal. 2015). To be permissible, discovery must be "relevant to any party's claim or defense." *In re Bard IVC Filters Prods. Liab. Litig.*, 317 F.R.D. 562, 563-64 (D. Ariz. 2016) (discussing impact of 2015 amendments to definition of relevance for discovery purposes). Relevance for the purposes of discovery is defined broadly. *See, e.g.*, *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 306, 309 (D. Nev. 2019).

A nonparty may be compelled to produce documents pursuant to the dictates of Rule 45 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 34(c). Compliance with a Rule 45 subpoena for the production of documents involves overlapping duties. One requirement entails the actual search for documents. A nonparty subpoena may require the production of identified categories of documents in the subpoenaed person's "possession, custody, or control." Fed. R. Civ. P. 45(a)(1)(iii); *see also In re Citric Acid Litig.*, 191 F.3d 1090, 1107-08 (9th Cir. 1999). A person subpoenaed for the production of documents is under an affirmative duty to seek that information reasonably available to her. *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 189 (C.D. Cal. 2006). This duty is discharged through the formulation and completion of a reasonable search conducted with due diligence. *Rogers v. Giurbino*, 288 F.R.D. 469, 485 (S.D. Cal. 2012); *see also St. Jude Med. S.C., Inc. v. Janssen-Counotte*, 305 F.R.D. 630, 639 (D. Or. 2015). "[A]n earmark of a recipient's inadequate inquiry is the obvious absence of documents and other written materials that the recipient reasonably would be expected to have retained in the ordinary course of its business." *Meeks v. Parsons*, 2009 WL 3003718, at *4 (E.D. Cal. Sept. 18, 2009).

Courts routinely apply the same standards for a nonparty responding to a subpoena for documents served under Rule 45 of the Federal Rules of Civil Procedure. *Worthams v. GEICO Choice Ins. Co.*, 2026 WL 895612, at *1 (D. Nev. Apr. 1, 2026); *Meeks*, 2009 WL 3003718, at *3-4; *see also St. Jude Medical*, 305 F.R.D. at 639; *Toranto v. Jaffurs*, 2018 WL 4613149, at *2-

---

[2] Material may be discoverable even if not admissible at trial, Fed. R. Civ. P. 26(b)(1), and relevance for discovery purposes is broader than relevance for trial purposes, *see, e.g.*, *F.T.C. v. AMG Services, Inc.*, 291 F.R.D. 544, 552 (D. Nev. 2013).

3 (S.D. Cal. Sept. 26, 2018); *Sci. Games Corp. v. AGS LLC*, 2017 WL 3013251, at *2 (D. Nev. July 13, 2017); *Sol v. Whiting*, 2014 WL 12519787, at *3 (D. Ariz. Sept. 9, 2014).

A subpoenaed person is deemed to have control over documents if she has a legal right to obtain them. *See Clark v. Vega Wholesale, Inc.,* 181 F.R.D. 470, 472 (D.Nev. 1998). A person responding to a document request "'cannot furnish only that information within his immediate knowledge or possession; he is under an affirmative duty to seek that information reasonably available to him from his employees, agents, or others subject to his control.'" *Meeks,* 2009 WL 3003718, at *4 (quoting *Gray v. Faulkner,* 148 F.R.D. 220, 223 (N.D.Ind.1992)).

When no responsive documents are found or a dispute arises out of the completeness of the production that is made, the subpoenaed person must come forward with an explanation of the search conducted "with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence." *V5 Techs. v. Switch, Ltd.*, 332 F.R.D. 356, 366–67 (D. Nev. 2019) *Rogers*, 288 F.R.D. at 485. Information regarding the search conducted should be provided through a declaration under oath detailing the nature of the efforts to locate responsive documents. *Meeks*, 2009 WL 3003718, at *4. Such declaration must address the inquiry made on a request-by-request basis. *A. Farber & Partners*, 234 F.R.D. at 190.

A subpoenaed person "claiming undue burden or expense ordinarily has far better information - perhaps the only information - with respect to that part of the determination." Fed. R. Civ. P. 26(b)(1), Advisory Committee Notes (2015). See also *Nationstar Mortg., LLC v. Flamingo Trails No. 7 Landscape Maint. Ass'n*, 316 F.R.D. 327, 334 (D. Nev. 2016). As a result, it has long been clear that a party claiming that discovery imposes an undue burden must "allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence." *Jackson v. Montgomery Ward & Co.*, 173 F.R.D. 524, 529 (D.Nev.1997). Conclusory or speculative statements of harm, inconvenience, or expense are plainly insufficient. *See U.S. E.E.O.C. v. Caesars Entertainment*, 237 F.R.D. 428, 432 (D.Nev. 2006).

"Proportionality focuses on the marginal utility of the discovery being sought." *Guerrero v. Wharton*, 2017 WL 7314240, at *2 (D. Nev. Mar. 30, 2017) (citing *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 180 F. Supp. 3d 273, 280 n.43 (S.D.N.Y. 2016)).

Proportionality is judged based on: (1) the importance of the issues at stake in the action; (2) the amount in controversy; (3) the parties' relative access to relevant information; (4) the parties' resources; (5) the importance of the discovery in resolving the issues; and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). "At bottom, proportionality is a 'common-sense concept' that should be applied to establish reasonable limits on discovery." *Guerrero*, 2017 WL 7314240, at *2 (quoting *Sprint Comm's Co. v. Crow Creek Sioux Tribal Court*, 316 F.R.D. 254, 263 (D.S.D. 2016)).

"Discovery is supposed to proceed with minimal involvement of the Court." *F.D.I.C. v. Butcher,* 116 F.R.D. 196, 203 (E.D. Tenn. 1986). Counsel should strive to be cooperative, practical and sensible, and should seek judicial intervention "only in extraordinary situations that implicate truly significant interests." *In re Convergent Techs. Securities Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985). The Federal Rules of Civil Procedure require that the party bringing a motion to compel must "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). The Local Rules further expound on this requirement, providing that discovery motions will not be considered "unless the movant (1) has made a good faith effort to meet and confer ... before filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request." Local Rule 26-7(c).

Judges in this District have held that the rules require that the movant must "personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *ShuffleMaster, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996). The consultation obligation "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus the matters in controversy before judicial resolution is sought." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D.Nev.1993). To meet this obligation, parties must "treat the informal negotiation process as a substitute for, and not simply a formalistic prerequisite to, judicial resolution of discovery disputes." *Id*. This is done when the parties "present to each other

the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions." *Id*. To ensure that parties comply with these requirements, movants must file certifications that "accurately and specifically convey to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *ShuffleMaster*, 170 F.R.D. at 170.[3] Courts may look beyond the certification made to determine whether a sufficient meet-and-confer actually took place. *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015).

## II.   BACKGROUND

Defendant submits that, on January 9, 2026, it served its Second Set of Requests for Production of Documents on Plaintiff, which included four separate requests. Docket No. 94 at 3. Request for Production No. 29 asked Plaintiff to "[p]roduce any filing, motion, declaration, affidavit, or notice to any court, administrative agency, or other judicial body in which you represent your financial ability to pay monetary sanctions awarded in any case or proceeding from January 1, 2018, to the present." Docket No. 94-3 at 5. Request for Production No. 30 asked Plaintiff to "[p]roduce any filing, motion, declaration, affidavit, or notice to any court, administrative agency, or other judicial body in which you disclose your income, salary, assets, liabilities, debts, or any other information relating to your income or financial state from January 1, 2018, to the present." *Id*. Request for Production No. 31 asked Plaintiff to "[p]roduce any filing, motion, declaration, affidavit, or notice to any court, administrative agency, or other judicial body in which you disclose the income, revenue, salaries, assets, liabilities, debts, or any other information relating to the financial state of any entity over which you have control, including but not limited to the law firm Sull & Associates from January 1, 2018, to the present." *Id*. at 5-6. Request for Production No. 32 asked Plaintiff to "[p]roduce all documents, records, communications, statements, notes, memoranda, and/or correspondences related to any complaint that you have submitted to any State agency, including but not limited to the Nevada Governor's

---

[3] These requirements are now largely codified in the Court's local rules. *See* Local Rule 26-7(c), Local Rule IA 1-3(f).

Office, related to the Nevada State Board of Dental Examiners from January 1, 2018, through the present." *Id*. at 6.

Defendant submits that the deadline for Plaintiff to respond to these requests was February 9, 2026.  Docket No. 94 at 4.  Defendant submits that Plaintiff never requested an extension of time to respond to the requests, never objected to the requests or supplemented her disclosures, and never produced the items in the requests.  *Id*.

Defendant further submits that, on January 9, 2026, it served Plaintiff a notice of a subpoena duces tecum directed at her law firm, Sull & Associates.  *Id*.; Docket No. 94-5.  The subpoena was served on Sull & Associates' registered agent on January 13, 2026.  Docket No. 94-6.  This subpoena sought " the firm's tax returns from 2018-2024, profit-and-loss statements from 2018-2024, operating agreements, ledgers of transfers and payments made to [Plaintiff] from 2018-present, [Plaintiff's] compensation records from 2018-present, any assignments of interests in the firm to [Plaintiff's] family members from 2018-persent, and account statements demonstrating funds transfers between the firm and [Plaintiff] between 2018-present."  Docket No. 94 at 4.  Defendant submits that Plaintiff never objected to the notice of subpoena and never moved to quash the subpoena.  *Id*.

Defendant submits that the deadline to respond to the subpoena was originally January 26, 2026.  Id. at 5.  Defendant further submits that, on that date, Plaintiff asked for an extension to comply with the subpoena, until February 3, 2026, to which Defendant agreed.  *Id*.  Defendant submits that Plaintiff never objected to or complied with the subpoena on behalf of her firm and never requested another extension.  *Id*.  Defendant therefore asks the Court to compel Plaintiff to produce the requested discovery and to impose sanctions.  Id. at 15-18.  Finally, Defendant asks the Court for an additional thirty days of discovery, limited to additional third-party subpoenas made necessary by Plaintiff's compelled production, leave to recall Plaintiff for deposition limited to the financial records compelled by the Court, and supplementing its initial disclosures with any additional documentation or information obtained.  *Id*. at 18.

In response, Plaintiff submits that Defendant failed to engage in an appropriate meet and confer before filing its motion to compel.  Docket No. 100 at 4-5.  Plaintiff further submits that

Defendant failed to identify a court order that she violated and further submits that she executed authorizations permitting Defendant to obtain financial and medical records directly from a third party. *Id*. at 5-6.  Plaintiff submits that Defendant fails to identify a "specific discovery request that Plaintiff refused to answer, a category of documents withheld in defiance of an obligation, or an objection that was raised, challenged, and improperly maintained." *Id*. at 8.  Plaintiff therefore opposes Defendant's request for sanctions. *Id*. at 9-10.

In reply, Defendant submits that a proper meet and confer occurred.  Docket No. 103 at 2, 4-6.  Defendant further submits that it identified each outstanding discovery request to Plaintiff and in its motion to compel. *Id*. at 6-7.  Defendant submits that Plaintiff has waived any objections to these discovery requests.  Id. at 7-8.  Additionally, Defendant submits that Plaintiff has failed to comply at all with the discovery requests and subpoena. *Id*. at 8-11.  Defendant therefore requests sanctions. *Id*. at 11-12.

### III.    ANALYSIS[4]

After carefully reviewing the filings, the Court finds that a proper meet and confer occurred.  Therefore, the Court turns to the merits of the motion.

Plaintiff's response appears to conflate the discovery requests and subpoena at issue in the instant motion with other discovery requests that the Court already ordered produced.[5]  Docket

---

[4] The Court has implicitly rejected any argument not addressed herein that is inconsistent with the outcome of this order.  *See, e.g.*, *PlayUp, Inc. v. Mintas*, 635 F. Supp. 3d 1087, 1099 (D. Nev. 2022).

[5] Plaintiff submits that Defendant fails to identify a "specific discovery request that [she] refused to answer, a category of documents withheld in defiance of an obligation, or an objection that was raised, challenged, and improperly maintained."  Docket No. 100 at 8.  To the contrary, Defendant not only cites to the specific discovery requests and subpoena for which it asks the Court to compel responses, it attaches the discovery requests and subpoena themselves to its motion.  Docket No. 94 at 3, 4, 7, 10-14; Docket No. 94-3; Docket No. 94-5.

Plaintiff further submits that waiver "requires a developed record showing that specific objections were asserted, placed at issue through a meaningful meet and confer, and then improperly preserved.  The record reflects no such process."  Docket No. 100 at 9.  The record here demonstrates that Plaintiff never objected to these discovery requests or subpoena; further, her response to Defendant's motion fails to object to the requests or subpoena. *See* Docket No. 100.  It is well established that the failure to raise a timely objection in responding to a discovery request results in the waiver of that objection. *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 297, 304 (D. Nev. 2019). *See also Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992).  Therefore, Plaintiff has waived any objections to the discovery requests at issue in the

No. 100 at 1-3, 5-8. *See also* Docket No. 88. Further, the only authority cited by Plaintiff relates to the meet and confer requirement and sanctions. Id. at 3-5, 7-10. Plaintiff fails to carry her burden, or even attempt to carry her burden, to demonstrate why the requested discovery should not be permitted. *Blankenship*, 519 F.2d at 429. While arguments against discovery must be supported by "specific examples and articulated reasoning," *Caesars Ent.*, 237 F.R.D. at 432, Plaintiff fails to make any argument at all. "The failure of an opposing party to file points and authorities in response to any motion … constitutes a consent to the granting of the motion." Local Rule 7-2(d). Therefore, Plaintiff has consented to the granting of the motion to compel, both as to the discovery requests and as to the subpoena to the law firm of which she is principal.

Defendant asks for sanctions under Fed.R.Civ.P. 37(a)(5)(A). Docket No. 94 at 15-16. Rule 37(a)(5)(A) states, in relevant part, that, if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party … whose conduct necessitated the motion … to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." The Rule further states that the Court must not order this payment if the movant filed the motion before attempting a good faith meet and confer, the failure to provide discovery was substantially justified, or "other circumstances make an award of expenses unjust." Fed.R.Civ.P. 37(a)(5)(A)(i-iii).

Plaintiff was given an opportunity to be heard on the issue of sanctions, in her response to Defendant's motion requesting sanctions. Plaintiff's argument against sanctions is that she did not engage in willful noncompliance with a court order. Docket No. 100 at 6-7. Plaintiff further submits that a "finding of sanctions requires conduct that reflects willfulness, bad faith, or fault and courts must consider factors including prejudice, docket management, and the availability of less drastic alternatives before imposing dispositive or punitive measures." *Id*. at 7.

The Court has granted Defendant's motion. The Court finds, after giving Plaintiff an opportunity to be heard, that Defendant attempted in good faith to obtain the discovery without court action; that Plaintiff's failure to provide responses to the discovery requests was not

---

instant motion. Further, as principal of her law firm, she has waived any objections to the subpoena.

substantially justified; the Plaintiff's failure as principal of her law firm to respond to the subpoena was not substantially justified; and that no circumstances exist to make an award of expenses unjust. *See* Fed.R.Civ.P. 37(a)(5)(A). Therefore, the Court grants Defendant's request for sanctions to the extent that the Court orders Plaintiff to pay Defendant's reasonable fees and costs incurred in filing both the motion to compel and its reply.

## IV.    CONCLUSION

Accordingly, for the reasons stated above, the Court **GRANTS** Defendant's motion to compel. Docket No. 94.

IT IS ORDERED that Plaintiff has waived any objections to the four requests in Defendant's Second Set of Requests for Production of Documents.

IT IS FURTHER ORDERED that Plaintiff must provide the discovery in response to Defendant's Second Set of Requests for Production of Documents no later than **May 20, 2026**.

IT IS FURTHER ORDERED that Plaintiff, as principal of her law firm Sull & Associates, has waived all objections to Defendant's subpoena that was served on the firm's resident agent on January 13, 2026.

IT IS FURTHER ORDERED that Plaintiff, as principal of her law firm Sull & Associates, must provide all discovery in response to Defendant's subpoena that was served on the firm's resident agent on January 13, 2026, no later than **May 20, 2026**.

IT IS FURTHER ORDERED that Plaintiff must pay Defendant's costs and fees incurred in filing the motion to compel and its reply. No later than **May 20, 2026**, the parties must meet and discuss the appropriate amount of fees and costs. If the parties agree to the appropriate amount, they must file notice, no later than **May 22, 2026**, of their agreement. If the parties cannot agree, Defendant must file a motion to calculate costs and fees no later than **May 27, 2026**.

IT IS SO ORDERED.

Dated: May 13, 2026

_____
Nancy J. Koppe
United States Magistrate Judge

9