**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Hardeep Sull,

Plaintiff(s),

v.

State of Nevada ex rel. Nevada State Board of Dental Examiners,

Defendant(s).

Case No. 2:24-cv-02234-JAD-NJK

**Order**

[Docket No. 121]

Pending before the Court is Plaintiff's motion for leave to file under seal her motion to extend time and its exhibit. Docket No. 121; *see also* Docket Nos. 120, 120-1. Plaintiff's motion to seal is itself filed under seal, which is improper. Docket No. 121. Defendant filed a notice of non-opposition. Docket No. 125. The motion is properly resolved without a hearing. *See* Local Rule 78-1.

There is a strong presumption in favor of the public's access to judicial filings. *See, e.g.*, *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Documents filed in relation to a non-dispositive matter may not be sealed absent a particularized showing of good cause. *Id.* at 1180. As is clear by the word "particularized," this showing must be specific to the information at bar; conclusory assertions of the existence of sensitive information fail to meet that standard. Moreover, argument of counsel is not enough; an assertion of good cause requires the presentation of evidence, such as a declaration from someone with personal knowledge. *Henderson v. Aria Resort & Casino Holdings, LLC*, 2023 WL 4288830, at *1 (D. Nev. June 29, 2023) (collecting cases). The fact that a sealing request may be unopposed does not automatically result in it being granted because the Court is tasked with protecting the public's interest in transparency. *Allegiant Travel Co. v. Kinzer*, 2022 WL 2819734, at *1 n.1 (D. Nev. July 19, 2022).

A request to seal documents must be "narrowly tailored" to remove from the public sphere only the material that warrants secrecy. *Harper v. Nev. Prop. 1, LLC*, 552 F. Supp. 3d 1033, 1040-

41 (D. Nev. 2021) (citing *Ervine v. Warden*, 214 F. Supp. 3d 917, 919 (E.D. Cal. 2016)). To the extent confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003); *see also in re Roman Catholic Archbishop of Portland in Ore.*, 661 F.3d 417, 425 (9th Cir. 2011) (the district court must "keep in mind the possibility of redacting the sensitive material").

The Court finds that the exhibit to the motion to extend time is properly sealed as it contains sensitive medical information. As to the motion to extend itself, however, the Court finds that any confidential information can easily be redacted rather than sealing the entire document, and Plaintiff fails to even address redaction.

Accordingly,

The Court **GRANTS** the motion to seal as to the exhibit to the motion to extend time. Docket No. 120-1. That exhibit will remain under seal. The Court **DENIES** without prejudice the motion to seal as to the motion to extend time itself. Docket No. 120. Plaintiff must file a renewed motion addressing redaction no later than **October 7, 2026**. Failure to comply may result in the unsealing of the motion to extend. The Clerk's Office is **INSTRUCTED** to keep Docket No. 120-1 under seal and to keep Docket No. 120 under seal until the Court issues further instructions.

IT IS SO ORDERED.

Dated: September 30, 2026

Nancy J. Koppe
United States Magistrate Judge