**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Hardeep Sull,

Plaintiff(s),

v.

State of Nevada ex rel. Nevada State Board of Dental Examiners,

Defendant(s).

Case No. 2:24-cv-02234-JAD-NJK

**Order**

[Docket Nos. 120, 133]

Pending before the Court is Plaintiff's motion for leave to file her redacted motion to extend. Docket No. 133; *see also* Docket No. 134 (Plaintiff's proposed redactions). The motion is properly resolved without a hearing. *See* Local Rule 78-1.

Plaintiff filed a motion for leave to file under seal her motion to extend time. Docket No. 121; *see also* Docket No. 120. The Court denied without prejudice Plaintiff's prior motion and ordered her to file a renewed motion addressing redaction no later than October 7, 2026. Docket No. 129. Plaintiff has now complied. Docket No. 133. Plaintiff requests her prior motion to extend time to stay under seal and for leave to file her redacted motion to extend time. Docket No. 133; *see also* Docket Nos. 120, 134.

There is a strong presumption in favor of the public's access to judicial filings. *See, e.g.*, *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Documents filed in relation to a non-dispositive matter may not be sealed absent a particularized showing of good cause. *Id.* at 1180. As is clear by the word "particularized," this showing must be specific to the information at bar; conclusory assertions of the existence of sensitive information fail to meet that standard. Moreover, argument of counsel is not enough; an assertion of good cause requires the presentation of evidence, such as a declaration from someone with personal knowledge. *Henderson v. Aria Resort & Casino Holdings, LLC*, 2023 U.S. Dist. LEXIS 113167, 2023 WL 4288830, at *1 (D. Nev. June 29, 2023) (collecting cases). The fact that a sealing request may be

unopposed does not automatically result in it being granted because the Court is tasked with protecting the public's interest in transparency. *Allegiant Travel Co. v. Kinzer*, 2022 U.S. Dist. LEXIS 127568, 2022 WL 2819734, at *1 n.1 (D. Nev. July 19, 2022).

A request to seal documents must be "narrowly tailored" to remove from the public sphere only the material that warrants secrecy. *Harper v. Nev. Prop. 1, LLC*, 552 F. Supp. 3d 1033, 1040-41 (D. Nev. 2021) (citing *Ervine v. Warden*, 214 F. Supp. 3d 917, 919 (E.D. Cal. 2016)). To the extent confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003); *see also In re Roman Catholic Archbishop of Portland in Ore.*, 661 F.3d 417, 425 (9th Cir. 2011) (the district court must "keep in mind the possibility of redacting the sensitive material").

The Court finds that Plaintiff's redactions to her motion to extend time are appropriate and that she redacts sensitive medical information while meaningful information remains unredacted and available to the public. Docket No. 134.

Accordingly,

The Court **GRANTS** the motion for leave to file Plaintiff's renewed motion for leave to file a redacted version of her motion to extend. Docket No. 133. Plaintiff's redacted version of her motion to extend is appropriately filed. Docket No. 134. The Clerk's Office is **INSTRUCTED** to keep Docket No. 120 under seal.

IT IS SO ORDERED.

Dated: October 8, 2026

Nancy J. Koppe
United States Magistrate Judge